UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAHAM KNOLL, individually and on behalf of all others similarly situated, | § § § | Civil Action No. 4:13-cv-01528 (VDG) |
| Plaintiff, | § § | |
| v. | § § | |
| ROBERT G. PHILLIPS, et al., | § § § | |
| Defendants. | § § § | |
| | § § | |
| GREG PODELL, individually and on behalf of all others similarly situated, | § § § | Civil Action No. 4:13-cv-01599 (SL) |
| Plaintiff, | § § § | |
| v. | § § | |
| CRESTWOOD MIDSTREAM PARTNERS, LP, et al., | § § § § | |
| Defendants. | § § § | |

[Caption continued on following page.]

| | | |
|---|---|---|
| JOHNNY COOPER, On Behalf of Himself and All Others Similarly Situated, | § § § § | Civil Action No. 4:13-cv-01660 (NFA) |
| Plaintiff, | § § | |
| v. | § § | |
| CRESTWOOD MIDSTREAM PARTNERS, LP, et al., | § § § | |
| Defendants. | § § § | |
| STEVEN ELLIOT LLC, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 4:13-cv-01763 (SL) |
| Plaintiff, | § § | |
| vs. | § § | |
| ROBERT G. PHILLIPS, et al., | § § § | |
| Defendants. | § § § § | |

**PLAINTIFFS'** *UNOPPOSED* **MOTION TO CONSOLIDATE**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Texas, plaintiffs Abraham Knoll, Greg Podell, Johnny Cooper and Steven Elliot LLC (collectively, "plaintiffs") respectfully submit this memorandum in support of their motion for consolidation.

**I.     INTRODUCTION**

By this unopposed motion, plaintiffs seek to consolidate the above-captioned Related Actions filed by the plaintiffs against Crestwood Midstream Partners LP ("Crestwood" or the "Company"), the Board of Directors of Crestwood's general partner, Crestwood Gas Services GP LLC ("Crestwood GP"), and Inergy L.P. and its affiliates ("Inergy"), in connection with the proposed acquisition of Crestwood by Inergy for 1.07 Inergy Midstream units and $1.03 in cash (the

"Proposed Acquisition"). All of the Related Actions allege that defendants breached their fiduciary duties in connection with the Proposed Acquisition. All of the Related Actions arise from the same factual nucleus, assert identical claims and name the same or substantially the same defendants. And all of the Related Actions seek to enjoin the Proposed Acquisition. Because the Related Actions concern virtually identical legal and factual issues, plaintiffs request that this Court consolidate the Related Actions pursuant to Rule 42 of the Federal Rules of Civil Procedure and Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Texas. Consolidation of the Related Actions will facilitate and streamline the prosecution of these cases.

## I. RELEVANT FACTUAL BACKGROUND

### A. The Proposed Acquisition

On May 6, 2013, Crestwood and Inergy announced that they had entered into a definitive agreement whereby Inergy would acquire all of Crestwood's outstanding units. Under the terms of the agreement, each Crestwood common unit held by a Crestwood unitholder other than a Crestwood affiliate will receive 1.07 Inergy Midstream units and $1.03 in cash. Each outstanding unit owned by the entities affiliated with Crestwood (Crestwood Holdings and Crestwood GP) will receive 1.07 Inergy Midstream units for each unit they own of Crestwood. Upon completion of the transaction, Crestwood will become a wholly-owned subsidiary of Inergy Midstream. On May 29, 2013, defendants filed a Registration Statement on Form S-4 in which they recommend to Crestwood unitholders that they approve the proposed deal.

### B. The Related Actions

On May 23, 2013, plaintiff Abraham Knoll filed the first of four actions stemming from the Proposed Acquisition filed in United States District Court for the Southern District of Texas. The action is styled *Knoll v. Phillips, et al.*, No. 4:13-cv-01528 (VDG). Plaintiff Knoll brings a class action on behalf of the unitholders of partnership units of Crestwood Midstream Partners LP against

- 3 -

the members of Crestwood Midstream's Board of Directors for breaches of fiduciary duties arising out of their attempt to sell the Crestwood Midstream to Inergy, L.P., Inergy Midstream, L.P. and its general partner, NRGM GP, LLC, by means of an unfair process and for an unfair price. *See* Declaration of Andrew M. Edison in Support of Plaintiffs' Unopposed Motion to Consolidate ("Edison Decl."), Ex. A.

Over the next two weeks, two additional class actions were filed in the Southern District of Texas. On May 30, 2013, plaintiff Greg Podell filed a complaint for breach of fiduciary duties, and aiding and abetting claims against defendants. Edison Decl., Ex. B. On June 7, 2013, plaintiff Johnny Cooper filed his complaint alleging that the Crestwood board of directors breached their fiduciary duties of loyalty, good faith, due and complete candor and that defendants aided and abetted those breaches of fiduciary duty. Also, plaintiff Cooper's complaint alleged that the S-4 filed by Inergy Midstream with the SEC failed to make all material disclosures: specifically, that the S-4 contained materially misleading statements regarding the process leading up to the Proposed Acquisition and omitted key data and inputs underlying the financial valuation exercises that purported to support Evercore Partner's fairness opinion. Edison Decl., Ex. C.

On June 17, 2013, a fourth action, *Steven Elliot LLC v. Phillips, et al.*, No. 4:13-cv-01763, was filed in connection with the Proposed Acquisition. Plaintiff Elliot brings a claim on behalf of the holders of Crestwood common units against Crestwood, the Board of Directors of Crestwood's general partner, Crestwood GP, and Inergy and its affiliates for breaches of fiduciary duty. Plaintiff Elliot also named Citigroup Global Markets, Inc., one the advisors to the Crestwood GP Board, as a defendant, alleging that Citigroup had aided and abetted the Board's breach of fiduciary duties. In addition to claims for breach of fiduciary duty, plaintiff Elliot brought claims under §§14(a) and 20(a) of the Securities Exchange Act of 1934, which stemmed from defendants' filing of the S-4. Plaintiff Elliot alleges that the S-4 omits a number of material facts necessary to make statements

- 3 -

made therein not false and misleading, including the events leading to the merger agreement, the analysis conducted by the Board's financial advisors, and the relationships between the various parties to the deal. Edison Decl., Ex. D. On July 1, 2013 plaintiff Knoll filed an amended complaint also asserting claims under §§14(a) and 20(a) of the Securities Exchange Act of 1934. Edison Decl., Ex. E.

## II.   CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); Fed. R. Civ. P. 42(a). Rule 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). A court has broad discretion to consolidate related cases which involve common questions of fact and law under Rule 42(a) "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993) ("Federal district courts have very broad discretion in deciding whether or not to consolidate.") (citing 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §2383 (1971)).[1]

Courts have recognized that consolidation of similar shareholder actions can be beneficial to the Court and the parties by "'expediting pretrial proceedings, avoiding duplication . . . and minimizing expenditure of time and money.'" *In re Equity Funding Corp. of Am. Sec. Litig.*, 416

---

[1] The Private Securities Litigation Reform Act requires that the question of consolidation be decided prior to the determination of the appointment of class counsel. 15 U.S.C. §78u-4(a)(3)(B)(ii).

- 5 -

F. Supp. 161, 176 (C.D. Cal. 1976) (citation omitted); *In re Browing-Ferris Indus. S'holder Derivative Litig.*, 830 F. Supp. 361, 364 (S.D. Tex. 1993) (consolidating two related class and derivative actions alleging breach of fiduciary duties under Delaware law). "[W]hen consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (consolidating all related derivative actions).

As noted above, the Related Actions involve identical questions of fact and law, *i.e.*, whether defendants have breached their fiduciary duties (or aided and abetted those breaches) in conjunction with the Proposed Acquisition and whether equitable relief is warranted. Both party and judicial resources will be conserved by litigating the action in one court as opposed to three. In sum, the Court is empowered to consolidate the Related Actions and, under the foregoing authority, should do so.

## III. CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court consolidate the Related Actions.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

/s/Andrew M. Edison
Andrew M. Edison
Attorney-in-Charge
Southern District Bar No. 18207
andrew.edison@emhllp.com

Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: 713-337-5581
Facsimile: 713-337-8841

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
DAVID T. WISSBROECKER
EDWARD M GERGOSIAN
STEVEN M. JODLOWSKI
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO
16 West 46th Street, 7th Floor
New York, NY 10036
Telephone: 212/490-9550
212/986-0158 (fax)

Attorneys for Plaintiff Steven Elliot LLC

KENDALL LAW GROUP, LLP
JOE KENDALL (Texas Bar No. 11260700)
JAMIE J. MCKEY (Texas Bar No. 24045262)


/s/ Jamie J. McKey
JAMIE J. MCKEY

3232 McKinney, Suite 700
Dallas, Texas 75204
Telephone: 214/744-3000
214/744-3015 (fax)

LEVI & KORSINSKY LLP
SHANE T. ROWLEY
W. SCOTT HOLLEMAN
JUSTIN G. SHERMAN
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

Attorneys for Plaintiff Abraham Knoll

- 6 -

THE BILEK LAW FIRM, L.L.P.
THOMAS E. BILEK (Texas Bar No. 02313525 /
SDTX Bar No. 9338)


      /s/ Thomas E. Bilek
THOMAS E. BILEK

700 Louisiana, Suite 3950
Houston, Texas 77002
Tel: (713) 227-7720
Fax: (713) 227-9404

WEISSLAW LLP
JOSEPH H. WEISS
RICHARD A. ACOCELLI
JAMES E. TULLMAN
1500 Broadway, 16th Floor
New York, NY 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

Attorneys for Plaintiff Greg Podell

THE MCCLEERY LAW FIRM
STEPHEN E. McCleery (Texas Bar No. 00794258 /
Federal ID No. 21007)


      /s/ Stephen E. McCleery
STEPHEN E. McCLEERY

5020 Montrose, 6th Floor
Houston, Texas 77006
Telephone:  713/622-3555
713/224-8555 (fax)
Email: smccleery@mccleerylaw.com

Of Counsel:
FARUQI & FARUQI, LLP
JUAN E. MONTEVERDE
DAVID M. SBORZ
369 Lexington Ave., Tenth Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
Email:jmonteverde@faruqilaw.com
Email: dsborz@faruqilaw.com

Attorneys for Plaintiff Johnny Cooper

- 7 -

- 8 -

## CERTIFICATE OF CONFERENCE

I have personally conferred with counsel for Defendants, who have reviewed this motion and are unopposed to relief requested in this motion.

/s/ Andrew M. Edison
Andrew M. Edison

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2013, I caused the foregoing Plaintiffs' Unopposed Motion to Consolidate to be electronically filed through the Court's ECF/ECM System and thereby electronically served on counsel.

/s/ Andrew M. Edison
Andrew M. Edison