UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CRESTWOOD MIDSTREAM PARTNERS UNITHOLDER LITIGATION | § | |
| | § | LEAD CASE NO. 4:13-cv-01528 |
| | § | |
| This Document Relates to: | § | Master File |
| | § | |
| ALL ACTIONS | § | |

**DECLARATION OF THOMAS E. BILEK**

I, Thomas E. Bilek, declare as follows:

1. I am a member of the Bar of the State of Texas and am a partner at The Bilek Law Firm, L.L.P. ("Bilek Law"), which is one of the law firms serving as counsel for Plaintiffs in the above-referenced action.

2. I submit this declaration in support of Lead Plaintiffs' Unopposed Motion and Memorandum for Final Approval of Class Action Settlement, Certification of the Settlement Class, and an Award of Attorneys' Fees and Expenses. That motion and memorandum, filed herewith, is incorporated by reference and also explained below.

3. I have personal knowledge of the matters stated herein and, if called upon, I could testify thereto. The work that Plaintiffs' Counsel[1] performed on behalf of the Class in the Action is summarized in the motion and memorandum.

4. Attached are true copies of the following documents:

Exhibit 1: Stipulation of Settlement dated December 19, 2013, and exhibits.

[1] Except as otherwise expressly provided below, all capitalized terms shall have the same meaning and/or definitions as set forth in the Stipulation of Settlement.

Exhibit 2: Declaration of Juan E. Monteverde in Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and An Award of Attorneys' Fees and Expenses.

Exhibit 3: Declaration of Richard A. Acocelli in Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and An Award of Attorneys' Fees and Expenses.

Exhibit 4: Declaration of Shane T. Rowley in Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and An Award of Attorneys' Fees and Expenses.

Exhibit 5: Declaration of Thomas E. Bilek in Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and An Award of Attorneys' Fees and Expenses.

Exhibit 6: Declaration of Jamie J. McKey in Support of Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and An Award of Attorneys' Fees and Expenses.

Exhibit 7: *Turberg v. ArcSight*, No. 5821-VCL (Del. Ch. Sept. 20, 2011) [Transcript of Settlement Hearing].

Exhibit 8: *National Law Journal 2013 Billing Survey*.

## I. BACKGROUND OF THE ACTION

5. On May 5, 2013, Crestwood, Crestwood Holdings LLC, Crestwood Gas Services GP LLC, Inergy, Inergy, L.P., NGRM GP, LLC, and Intrepid Merger Sub, LLC, announced the execution of the Merger Agreement, which would provide Crestwood unitholders with 1.07 common units of Inergy for each Crestwood unit they own and a one-time cash payment at closing of $1.03 per unit in cash. The Merger was valued at $1.61 billion, or $27.29 per unit.

6. Plaintiffs, who held units of Crestwood at all relevant times, respectively directed their counsel to conduct an investigation of the Merger and, if necessary, prepare pleadings to be filed on behalf of themselves and similarly situated unitholders of Crestwood. After reviewing public information related to the Merger (including the SEC filings, information on the Company

website, analyst reports, press releases, news articles, and other information available via online searches), beginning on May 21, 2013, four class action lawsuits challenging the Merger were filed with the Court. These lawsuits were captioned *Knoll v. Phillips*, No. 4-13-cv-01528 (S.D. Tex.) (the "Knoll Action"); *Podell v. Crestwood Midstream Partners LP*, No. 4:13-cv-01599 (S.D. Tex.) (the "Podell Action"); *Cooper v. Crestwood Midstream Partners LP*, No. 4:13-cv-01660 (S.D. Tex.) (the "Cooper Action")[2]; and *Steven Elliot LLC v. Phillips*, No. 4:13-cv-01763 (S.D. Tex.) (the "Elliot Action").[3] The gravamen of the actions was the allegation that the Individual Defendants[4] breached their fiduciary duties to Crestwood unitholders and that Inergy and the Buyout Group (as defined in Plaintiffs' motion and memorandum) aided and abetted said breaches of fiduciary duty.

7. On May 30, 2013, Inergy filed the Preliminary Registration Statement with the SEC. Thereafter, on June 26, 2013, Inergy filed Amendment No. 1 to the Preliminary Registration Statement with the SEC.

8. After carefully reviewing the Preliminary Registration Statement and amendments thereto, in addition to consulting with their financial experts, Plaintiffs Knoll, Podell, and Giaimo determined that Defendants failed to disclose material information in the Preliminary Registration Statement for Crestwood unitholders to cast an informed vote on the Merger. As a result, Plaintiffs Knoll and Giaimo (on July 1, 2013) and Plaintiff Podell (on August 2, 2013)

---

[2] An Amended Class Action Complaint was filed in this action on July 1, 2013, substituting Plaintiff Cooper with Linda Giaimo. *See* Dkt. No. 5.

[3] Two additional actions were filed against Defendants outside of this court captioned *Cooper v. Crestwood Midstream Partners L.P.*, No. 1316-CV12723 (Mo. Cir. Ct. Jackson Co.) (the "Cooper Missouri Action") and *Hawley v. Crestwood Midstream Partners LP*, No. 8689-VCL *Del. Ch.) (the "Hawley Action"). Both the Cooper Missouri Action and the Hawley Action have been dismissed.

[4] The Individual Defendants are Robert G. Phillips, John W. Somerhalder, J. Hardy Murchison, Timothy H. Day, Philip D. Gettig, Alvin Bledsoe, Vanessa Gomez LaGatta, Michael G. France, and Joel C. Lambert.

filed the Amended Complaint incorporating all previous allegations against Defendants for breach of fiduciary duty and aiding and abetting said breaches, and including additional allegations that Defendants filed a materially misleading proxy statement in violation of Section 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9 promulgated thereunder.

9. On July 24, 2013, the Court consolidated the Knoll Action, the Podell Action, the Cooper Action, and the Elliot Action into the Consolidated Action. ECF No. 22.

10. On July 31, 2013, Elliot filed a motion seeking expedited discovery. ECF No. 23.

11. On August 7, 2013, Knoll, Podell, and Giaimo filed their motions seeking expedited discovery.

12. On August 9, 2013, Inergy filed Amendment No. 2 to the Preliminary Registration Statement and Crestwood filed a Schedule 13e-3 relating to the Merger with the SEC. That same day, Crestwood filed Amendments Nos. 1, 2, and 3 to the Schedule 13e-3 with the SEC.

13. On August 16, 2013, Knoll, Podell, and Giaimo filed their motion for their appointment as lead plaintiffs and appointment of lead counsel and liaison counsel. ECF Nos. 31-33.

14. On August 21, 2013, Defendants filed an opposition to Plaintiff Elliot’s motion for expedited discovery. ECF No. 35.

15. On or around August 27, 2013, Plaintiffs’ Counsel and counsel for Defendants (“Defendants’ Counsel”) reached agreement on expedited discovery. Thereafter, Defendants produced certain documents (some of which were internal, non-public documents), including but not limited to minutes of meetings of the Board of Directors of Crestwood Gas Services GP LLC (the “Crestwood Board”) and the minutes of meetings of the Crestwood Conflicts Committee,

engagement letters between the Crestwood Conflicts Committee and Evercore, engagement letters between Crestwood and its financial advisor, Citigroup Global Markets Inc. ("Citigroup"), correspondence with the SEC related to the Merger, a copy of Crestwood's Schedule 13e-3 filed with the SEC, and presentations to the Crestwood Conflicts Committee and the Crestwood Board by Evercore.

16. Also, on August 27, 2013, Lead Plaintiffs withdrew their August 7, 2013 motion to expedite discovery.

17. On August 29, 2013, Inergy filed Amendment No. 3 to the Preliminary Registration Statement and Crestwood filed Amendment No. 4 to the Schedule 13e-3 relating to the Merger with the SEC.

18. On September 5, 2013, Inergy filed Amendment No. 4 to the Preliminary Registration Statement and Crestwood filed Amendment No. 5 to the Schedule 13e-3 relating to the Merger with the SEC. Also, on September 5, 2013, Crestwood filed a definitive proxy statement/prospective on Schedule 14A (the "Definitive Proxy") and Inergy filed a definitive prospectus with the SEC pursuant to Rule 424(b)(3) of the Securities Act of 1933.

19. On September 6, 2013, the Court denied Plaintiff Elliot's motion to expedite discovery filed on July 31, 2013. ECF No. 43.

20. On September 29, 2013, the Court appointed Knoll, Podell, and Giamo as Lead Plaintiffs, WeissLaw, L&K, and the Faruqi Firm as Lead Counsel, and Bilek Law as Local Counsel. ECF No. 47.

21. The parties engaged in extensive arm's-length negotiations in an effort to reach resolution of the Actions without the need for further litigation. As a result of these negotiations, Plaintiffs' Counsel and Defendants' Counsel reached an agreement-in-principle to settle the

Actions if Defendants would agree to disseminate to Crestwood unitholders the Additional Disclosures[5] that Lead Plaintiffs believed were material and necessary for Crestwood unitholders to make an informed vote on the Merger. The parties memorialized their agreement-in-principle to settle Lead Plaintiffs' claims, subject to additional confirmatory discovery, in a memorandum of understanding ("MOU") dated September 24, 2013.

22. The negotiated resolution was primarily based on Crestwood's agreement to provide the Partnership's unitholders with additional disclosures regarding the Merger, particularly (i) the projected unlevered free cash flows for both Crestwood and Inergy for the six months ending December 31, 2013, and calendar years 2014 through 2017 utilized by Evercore Group ("Evercore"), the Partnership's financial advisor, to issue its fairness opinion; (ii) certain financial analyses performed by Evercore and presented to the Board; and (iii) the process and negotiations between Crestwood and Inergy leading up to the signing of the Merger Agreement (the "Additional Disclosures"). The Additional Disclosures were filed with the SEC on September 24, 2013, in a Form 8-K. *See* Stipulation, Exhibit 1.

23. The Parties addressed the issue of attorneys' fees and expenses only after all other Settlement terms were agreed upon. After arms'-length negotiation, Defendants agreed not to oppose Plaintiffs' application for attorneys' fees and expenses in an amount not to exceed $595,000.

24. Crestwood unitholders approved the Merger on October 4, 2013. The Merger closed on October 7, 2013.

25. After signing the MOU, Plaintiffs' Counsel conducted confirmatory discovery and took the depositions of Defendant Philip D. Gettig, Chairman of Crestwood's Conflicts

---

[5] *See* Exhibit A to the Stipulation, Exhibit 1.

Committee, and Robert A. Pacha, Senior Vice President of Evercore, on November 11, 2013, and November 12, 2013, respectively.

26. The Parties executed the Stipulation dated December 19, 2013. Plaintiffs filed their unopposed motion for preliminary approval of the Settlement with the Court on December 23, 2013, and attached the Stipulation, a proposed Preliminary Order, a proposed form of Notice, and a proposed Final Judgment.

27. On January 14, 2014, the Court entered the Preliminary Order which, *inter alia*, preliminarily certified the Settlement Class, preliminarily approved the Stipulation, set the date for the hearing concerning the Settlement Hearing on May 16, 2014, at 2:30 p.m., approved the form and method of the Notice, and directed Defendants to mail the Notice to the Settlement Class.

**A. <u>Terms of the Settlement</u>**

28. On the basis of all of the information available to them, including publicly-available information, non-public information, and the testimony obtained in the two confirmatory depositions, Plaintiffs' Counsel have determined that the Settlement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Class, because it enabled Crestwood unitholders to cast a fully informed vote on the Merger. The consideration that the Class received for the Settlement was the issuance of the Additional Disclosures before the unitholder vote on the Merger. In exchange for the Additional Disclosures, Plaintiffs agreed to release any and all claims relating to the Merger.

29. Although Plaintiffs and their counsel believe that the claims asserted have legal merit, and as more fully described in the accompanying motion and memorandum, they also recognize that there are legal and factual defenses to their claims. Based on Plaintiffs' Counsel's

thorough investigation of the legal and factual issues of their case, and after consultation with financial experts, Plaintiffs and their counsel believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

**B. The Additional Disclosures**

30. After vigorous and arm's-length negotiations between counsel for the Parties, Defendants agreed to issue the Additional Disclosures ahead of the unitholder vote on the Merger. Plaintiffs and Plaintiffs' Counsel believe that this allowed Crestwood unitholders to make cast an informed vote on the Merger.

31. The Additional Disclosures substantially resolved the disclosure contentions in the Amended Complaint and the settlement demand letters.

32. As more fully described in Section III of the accompanying motion and memorandum, Plaintiffs' litigation provided the Class with additional material information concerning, *inter alia*: (i) management's financial forecasts, including unlevered free cash flows for both Crestwood and Inergy; (ii) certain details regarding Evercore's financial analyses; and (iii) the process and negotiations with Inergy leading up to the signing of the Merger Agreement, each of which allowed members of the Class to make an informed decision of whether to vote in favor of the Merger.

**C. Fee and Expense Award**

33. Plaintiffs' Counsel engaged in vigorous negotiations with Defendants regarding the Additional Disclosures, culminating in the execution of the MOU. After agreeing to all of the substantive terms of the Settlement, the Parties began discussing Plaintiffs' Counsel's request for fees and expenses.

34. As a result of several arm's-length negotiation sessions, Defendants agreed to pay Plaintiffs' Counsel up to $595,000 in the aggregate for all of their fees and expenses, subject to Court approval.

35. The requested fee and expense award is separate from the benefit already conferred on the Class and does not affect the Class in any way.

## II. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE UNDER THE CIRCUMSTANCES AND WARRANTS FINAL APPROVAL

36. Plaintiffs' Counsel vigorously prosecuted the Action and sought to protect the rights of Crestwood unitholders. Under significant time pressures, Plaintiffs' Counsel (i) investigated the facts surrounding the merger; (ii) filed a motion for expedited discovery; (iii) negotiated with Defendants about the timing and scope of discovery; (iv) reviewed and analyzed thousands of pages of public and non-public documents relevant to the Merger produced by Crestwood and Evercore; (v) conducted the depositions of Defendant Philip D. Gettig and Robert A. Pacha, an Evercore representative; (vi) consulted with a financial expert; (vii) drafted and served settlement demand letters on counsel for Defendants on June 25 and June 26, 2013; (viii) researched relevant case law; and (ix) negotiated the Settlement. The Settlement was achieved only after Plaintiffs' Counsel's diligent and vigorous litigation efforts over a condensed period of time and after extensive arm's-length negotiations among the Parties.

37. It is Plaintiffs' Counsel's understanding that Notice was given consistent with the Court's January 14, 2014 Preliminary Order. The deadline for filing objections to the Settlement was May 2, 2014. Plaintiffs' Counsel are not aware of any objections filed to date.

38. Plaintiffs' Counsel have expended substantial time and resources in prosecuting this Action. Specifically, the lodestar of Plaintiffs' Counsel is broken down by law firm as follows:

| FIRM | TOTAL HOURS | EXPENSES | LODESTAR EXCLUDING EXPENSES |
|---|---|---|---|
| Faruqi & Faruqi, LLP | 359 | $1,831.75 | $194,341.25 |
| WeissLaw, LLP | 334 | $17,458.72 | $233,118.75 |
| Levi & Korsinsky, LLP | 201 | $3,696.04 | $116,600.00 |
| The Bilek Law Firm, L.L.P. | 107.5 | $474.70 | $57,700.00 |
| Kendall Law Group LLP | 39.1 | $400.00 | $19,692.50 |
| TOTALS | 1,040.6 | $23,861.21 | $621,452.50 |

39. In this case, the requested fee and expense awards are less than Plaintiffs' Counsel's lodestar and thus represent a negative multiplier. In addition, the fee and expense award represents an average hourly rate of approximately $620 based on the lodestar figures above. These amounts are comparable to awards in other analogous cases, and are reasonable, especially given the substantial and multiple benefits provided to the Class through the Additional Disclosures.

40. Furthermore, each firm comprising Plaintiffs' Counsel has extensive experience handling class action litigation and is fully qualified to prosecute the claims asserted in this Action based on their history of successfully litigating major class actions on behalf of clients.

41. It is Plaintiffs' Counsel's opinion that the Settlement is fair and reasonable under the circumstances and should be approved by the Court. The benefits of the Settlement directly address the claims and relief sought in the litigation. Specifically, the Additional Disclosures permitted Crestwood unitholders to cast a fully informed vote on the Merger. Plaintiffs' Counsel believe that it is in the best interests of all concerned that this Action be settled in accordance

with the terms set forth in the Stipulation. Plaintiffs' Counsel are satisfied that it was not likely to obtain additional economic and/or equitable benefits over and above the Additional Disclosures, and thus any judgment against Defendants following trial would not likely produce a better result than the Settlement.

42. Counsel for Plaintiffs and Defendants reached the Settlement through fair and honest negotiations. Plaintiffs' Counsel believe that the Additional Disclosures conferred a substantial benefit upon the Class. Accordingly, Plaintiffs' Counsel respectfully submit that the Settlement is in the best interests of the Class and reasonable under all of the circumstances.

## III. CONCLUSION

43. For all of the reasons set forth above and in the accompanying motion and memorandum incorporated by reference, Plaintiffs and their counsel believe that the Settlement is fair, reasonable, adequate, and the best result possible for Plaintiffs and other Crestwood unitholders. Plaintiffs' Counsel respectfully request that the Court grant final approval of the proposed Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on May 5, 2014.

*/s/ Thomas E. Bilek*
THOMAS E. BILEK