UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CRESTWOOD MIDSTREAM PARTNERS UNITHOLDER LITIGATION | § § § | LEAD CASE NO. 4:13-cv-01528 |
| This Document Relates to: | § § | Master File |
| ALL ACTIONS | § § | |

**ORDER AND FINAL JUDGMENT**

On May 16, 2014, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement, dated December 19, 2013 (the "Stipulation"), which is incorporated herein by reference, and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement and release of claims as set forth in the Stipulation; and whether an Order and Final Judgment ("Judgment") should be entered in this case (the "Actions"[1]); and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation. All capitalized terms other than proper nouns that are not defined herein shall have the meanings set forth in the Stipulation.

[1] The "Actions" refers collectively to the four actions consolidated into the above-captioned consolidated action: *Knoll v. Phillips, et al.*, No. 4:13-cv-01528 (S.D. Tex.); *Podell v. Crestwood Midstream Partners LP, et al.*, No. 4:13-cv-01599 (S.D. Tex.); *Cooper v. Crestwood Midstream Partners LP, et al.*, No. 4:13-cv-01660 (S.D. Tex.); and *Steven Elliot LLC v. Phillips, et al.*, No. 4:13-cv-01763 (S.D. Tex).

2. The mailing of the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Order Preliminarily Approving Settlement and Providing for Notice entered on January 15, 2014 (the "Preliminary Order"), which was mailed by United States mail, postage prepaid, beginning on February 3, 2014, is hereby determined to be the best notice practicable under the circumstances and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and applicable law. It is further determined that all members of the Settlement Class are bound by the Judgment herein.

3. The Court finds that the Actions are a proper non-opt-out class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby certifies, for purposes of the Settlement only, the Settlement Class consisting of:

> All record and beneficial owners of any unit(s) of Crestwood Midstream Partners LP ("Crestwood") at any time during the period beginning on and including May 5, 2013, through and including October 7, 2013, including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding Defendants Crestwood Midstream Partners LP, Crestwood Gas Services GP LLC, Crestwood Holdings LLC, Robert G. Phillips, J. Hardy Murchison, Timothy H. Day, Michael G. France, Vanessa Gomez LaGatta, Joel C. Lambert, Alvin Bledsoe, Philip D. Gettig, John W. Somerhalder II, Inergy, L.P., Inergy Midstream, L.P. ("Inergy"), NRGM GP, LLC, and Intrepid Merger Sub, LLC ("Defendants"), the officers and directors of Crestwood, and, at all relevant times, the members of their immediate families, their legal representatives, heirs, successors, and assigns.

4. Plaintiffs Abraham Knoll, Gary Podell, and Linda Giaimo ("Plaintiffs") are appointed as the class representatives, and The Bilek Law Firm, L.L.P., Levi & Korsinsky, LLP, Kendall Law Group, LLP, WeissLaw LLP, the McCleery Law Firm, and Faruqi & Faruqi, LLP ("Lead Counsel") are appointed as counsel for the Settlement Class.

5. The Court finds, for the purposes of the Settlement only, that each of the requirements of Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied for the reasons set forth below:

a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

c. The claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class, and the class representatives will fairly and adequately protect the interest of the Settlement Class;

d. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

e. Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

f. Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6. The Settlement of the Actions as provided for in the Stipulation is approved as fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class.

7. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment.

8. The Actions and the Released Claims (as defined below) are hereby dismissed on the merits and with prejudice, and without costs.

9. As of the Effective Date, Plaintiffs and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, remised, relinquished, and discharged all Defendants (including all current directors and officers of Crestwood and Inergy, whether named as defendants or not) and any of their present or former parents, affiliates, subsidiaries, and their respective directors, officers, general partners, limited partners, partnerships, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, personal representatives, estates, administrators, successors, and assigns (all, collectively, the "Released Persons") from any and all known and unknown claims for damages, injunctive relief, or any other remedy or relief that has been, could have been, or in the future could or might be asserted by any member of the Settlement Class in any forum, including class, derivative, individual, quasi-appraisal, or other claims, whether state, federal, foreign, common law, statutory, or regulatory, including without limitation claims under the federal securities laws, arising out of, relating to, or concerning: (i) the allegations contained in the Actions; (ii) the Merger, the Merger Agreement, any amendments thereto and other transactions contemplated therein, the process leading to execution of the Merger Agreement,

financial and other advisory services given in connection with the Merger Agreement, disclosures relating to the Merger or Merger Agreement, and any compensation or other payments made to any of the Defendants in connection with the Merger; (iii) the Preliminary Proxy, the Definitive Proxy, and any other related filings with the SEC and any amendments thereto, or any other disclosures relating to the matters and agreements referenced in clause (ii) above; (iv) the negotiations leading up to the matters and agreements referenced in clause (ii) above; and (v) any matter that could have been asserted in the Actions regarding the matters and agreements referenced in clause (ii) above or any disclosure or alleged failure to disclose material facts to unitholders in connection with the Merger or Merger Agreement, by or on behalf of any person, or any alleged aiding and abetting of any of the foregoing (all, collectively, the "Released Claims"); provided, however, that the Released Claims shall not include the right of any Settlement Class member or any of the Defendants to enforce the terms of the Settlement. For the avoidance of doubt, "Released Persons" includes without limitation Evercore Group L.L.C. and Citigroup Global Markets Inc.

10. As of the Effective Date, Plaintiffs and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, remised, relinquished, and discharged the Released Claims, including any and all claims, demands, rights, actions, or causes of action of every nature and description whatsoever, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, that Plaintiffs or any member of the Settlement Class do not know or suspect exist in their or its favor at the time of the release of the Released Claims as against the Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement (the "Unknown Claims"). Plaintiffs acknowledge, and the

members of the Settlement Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiffs, and by operation of law the members of the Settlement Class, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. With respect to any and all of the Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment by the Court shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs acknowledge, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Released Claims" and that such inclusion was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

11. Plaintiffs and all Settlement Class members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors,

and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any of the Released Claims against any of the Released Persons.

12. As of the Effective Date, Defendants and the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs, members of the Settlement Class, and Lead Counsel from all claims arising out of the institution, prosecution, settlement, or resolution of the Action; provided, however, that Defendants and the Released Persons shall retain the right to enforce this Judgment, the terms of the Stipulation, or the Settlement.

13. None of the Settlement, the Memorandum of Understanding executed by Plaintiffs and Defendants on September 24, 2013 (the "MOU"), or the Stipulation shall be deemed a presumption, concession, or admission by any of the parties as to the merits, or lack thereof, of any allegations, claims, or defenses that have been or might be alleged or asserted in the Actions or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment.

14. Lead Counsel are hereby awarded attorneys' fees and expenses in the amount of $595,000 in connection with the Action, which amount the Court finds to be fair, reasonable, and

adequate. Such attorneys' fees and expenses shall be paid by Crestwood (or its successor(s) and/or insurer(s)) pursuant to the relevant provisions of the Stipulation. No counsel representing any plaintiff or member of the Settlement Class in the Actions shall make any further or additional application for fees and/or expenses to the Court or any other court.

15. If the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU on September 24, 2013.

16. The binding effect of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Lead Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

17. Without affecting the finality of this Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

SO ORDERED this 16th day of May, 2014, at Houston, Texas.

Vanessa D. Gilmore
United States District Judge